UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SAUL SABINO,

                    Petitioner,

         -against-

NYS DIVISION OF PAROLE,

                    Respondent.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-3375 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

       Petitioner Saul Sabino, appearing pro se and currently on parole, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the statutory filing fee to commence this proceeding. The court considers this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For the reasons set forth below, the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The court directs Petitioner to show cause within thirty days of receipt of this Memorandum and Order why the petition should not be dismissed as time-barred.

## I. BACKGROUND

       On February 22, 2008, Petitioner pled guilty to robbery in the first degree, grand larceny in the fourth degree, and criminal possession of a weapon in the third degree. (Pet. (Dkt. 1) ¶ 5.) He was sentenced to seven years imprisonment and five years of post-release supervision before the Supreme Court of the State of New York, Kings County. (Id.) He now seeks habeas corpus, claiming that he did not understand the import of his guilty plea because of mental illness. (Id. ¶ 12).

       Petitioner states that he filed a motion for an extension of time to appeal under

1



Criminal Procedure Law § 460.30, but that the motion was denied. (Id. ¶ 9.) However, he fails

to provide the date on which he filed the motion and the date on which the motion was denied.

(See Id. ¶ 9). Petitioner further states that he filed post-conviction ("440") motions on April 14,

2011, and September 9, 2011, seeking to vacate the judgment. (Id. ¶ 11.) However, the state

court noted that "Defendant has not filed a notice of appeal." (See Id. Attach. A, Nov. 21, 2011,

Decision and Order.) Petitioner's post-conviction motions were denied on November 21, 2011.

(Id.) Petitioner filed for leave to appeal from the denial and this too was denied on April, 30,

2012. (Id., Attach. B, Decision & Order.) Petitioner's motion for reargument was also denied on

September 17, 2012. (Id.) Petitioner is currently on parole. (Id. at 15.) Petitioner filed his

petition for a writ of habeas corpus on June 13, 2013.

## II.  DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of

limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant

to a state court conviction.  28 U.S.C. § 2244(d)(1).  The one-year period runs from the date on

which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;

> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of
> the United States is removed, if the applicant was prevented from
> filing by such state action;

> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A), the petition appears untimely. Petitioner states no facts suggesting that any other subsection applies.

Petitioner's conviction appears to have become final on or about March 24, 2008, upon expiration of the thirty-day period for filing a direct appeal with the Appellate Division. Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002); N.Y. Crim. Proc. L. § 460.10(1)(a). In order to be timely, this petition should have been filed on or before March 24, 2009. Instead, this petition was filed on June 13, 2013, well after the one-year limitations period had already expired. Therefore, unless the Petitioner can show that the one-year statute of limitations period should be tolled (should not count as wasted time), the petition is barred by 28 U.S.C. § 2244(d) as untimely. Petitioner can show that the period should be tolled under the statute based on the date of his appeal, or he can show that it should be tolled as a matter of equity because of the extraordinary difficulties he encountered.

**A. Statutory Tolling**

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not reset the one-year period. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). See also Evans v. Senkowski, 228 F. Supp. 2d 254, 260 (E.D.N.Y. 2002) (explaining that AEDPA's tolling provision "stops, but does not reset, the clock from ticking on the time in which to file a

3

habeas petition. It cannot revive a time period that has already expired.") (citing Smith, 208 F.3d at 17).

Petitioner filed his New York Civil Procedure Law section 440 motions in 2011, well after the one year limitations period expired in 2009. Thus, he cannot avail himself of statutory tolling for the period these section 440 motions were pending before the state courts. However, it is unclear whether Petitioner's motion for an extension of time to file an appeal could allow for some tolling of the period of limitations. The reason it is unclear is that Petitioner fails to provide the date he filed the motion for an extension of time to appeal and the date on which this motion was denied. In order to decide the issue of statutory tolling, the court will need proof of these dates from Petitioner.

### B.  Equitable Tolling

Even if statutory tolling does not render this petition timely-filed, the limitations period may also be equitably tolled, but only if Petitioner (1) "has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (internal quotation omitted). Equitable tolling is designed to allow flexibility when a petitioner has been unable to file successfully, despite his best efforts to do so.

The Second Circuit has established a "high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011). A petitioner must also show that the extraordinary circumstances stopped him from being able to file his petition on time and how they did so. Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). If he could have filed on time, despite the extraordinary circumstance, then he will

4

not be able to make this showing. Id. Furthermore, "the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008). Situations that might justify equitable tolling include confiscation of a petition, an appeals court failing to inform a petitioner that his appeal was denied, or a lawyer's failure to file a habeas petition when explicitly directed to do so. Dillon, 642 F.3d at 363 (citations omitted). The Petitioner is responsible for showing that such circumstances exist. Muller v. Greiner, 139 F. App'x 344, 345 (2d Cir. 2005).

If circumstances truly beyond Petitioner's control explain his late filing, then it is possible that he will be allowed to file the current petition. To date, Petitioner has not offered any arguments suggesting that equitable tolling should apply to this petition, and he does not explain the why he did not file his petition within a year after his conviction became final.

## III. CONCLUSION

Accordingly, the court directs Petitioner to show cause by written affirmation, within thirty days from receipt of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. Day v. McDonough, 547 U.S. 198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000).

For Petitioner's convenience, an affirmation form is attached to this Order. In the affirmation, Petitioner must present any facts that would support either statutory tolling or equitable tolling of the period of limitations, if applicable. He should provide dates related to the state court action so that the court can understand whether he filed within the statutory time limit. He should also provide information about difficulties that he encountered in filing his petition that are beyond the normal difficulties associated with working on a petition while one is in

prison, and he should provide information about the steps that he took to try to overcome those difficulties.

At this time, no response or answer shall be required from Respondent and all further proceedings shall be stayed for thirty days or until Petitioner has complied with this Order.

If Petitioner fails to comply with this Order within the time allowed, the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). If filed within thirty days, Petitioner's affirmation shall be reviewed pursuant to Rule 4 of the Habeas Rules and 28 U.S.C. § 2244(d).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      October 21 , 2013

NICHOLAS G. GARAUFIS
United States District Judge

6