UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SAUL SABINO,

                              Petitioner,

-against-

NYS DIVISION OF PAROLE,

                              Respondent.
------------------------------------------------------------------X

**ORDER**

**13-CV-3375 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Saul Sabino initiated this action pro se on June 13, 2013, seeking a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). (Pet. (Dkt. 1).) On October 21, 2013, the court issued an order explaining that the Petition appeared to be time-barred under 28 U.S.C. § 2244(d)(1). (Oct. 21, 2013, Mem. & Order (Dkt. 4).) The court directed Petitioner to show cause as to why the Petition should not be dismissed on those grounds. (Id. at 5-6.) The court granted three requests for extensions of time, and sua sponte granted an additional extension nunc pro tunc, giving Petitioner until November 15, 2014, to file his response. (See Oct. 14, 2014, Order (Dkt. 14.).) Petitioner failed to respond, and so the court dismissed the proceeding as untimely. (Jan. 8, 2015, Order (Dkt. 15).) On May 24, 2016, Petitioner filed a Motion for Reconsideration, requesting that his case be reopened. (Mot. for Reconsid. (Dkt. 17).) Petitioner explained that he did not respond to the order to show cause "[b]ecause at the time of the due date of November 15, 2014, [Petitioner] was incarcerated in Saratoga County Jail." (Id.)

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).

1

There are two avenues under which Petitioner might plausibly seek reconsideration. The court finds that neither avenue entitles Petitioner to relief in this instance.

To the extent that Petitioner requests reconsideration based on "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1), his motion was due "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(b)(c)(1). Petitioner's motion is therefore untimely because the May 24, 2016, filing date was more than a year after judgment was entered on January 13, 2015 (see Clerk's J. (Dkt. 16)).

Petitioner's only recourse, therefore, is the catch-all provision that allows reconsideration based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A motion under Rule 60(b)(6) is not subject to the one-year filing deadline, and need only be "made within a reasonable time" after judgment. Id. R. 60(c)(1). "[S]uch motions are 'generally not favored,'" however, "and are 'properly granted only upon a showing of exceptional circumstances.'" Sanders v. Walsh, No. 04-CV-4013 (NGG), 2014 WL 1514353, at *2 (E.D.N.Y. Apr. 16, 2014) (quoting Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004)). Petitioner has failed to show any such exceptional circumstances. The only explanation he offers for the delay is that he was incarcerated when the response was due, but this impediment is inherent in the very nature of the habeas remedy. See 28 U.S.C. § 2254 (authorizing petitions filed by "a person in custody").

The court acknowledges that Petitioner has faced hardship of various kinds before and after filing the Petition, and applauds Petitioner's efforts to pursue higher education and support his community, as detailed in his filings with the court. Be that as it may, Petitioner was ordered more than three years ago to explain why the Petition should not be dismissed on grounds of untimeliness; Petitioner has since written to the court on six separate occasions regarding the

2

timing of his response or a change in his address, but he has never attempted a response to the order itself.

Because Petitioner has neither responded to the court's order to show cause, nor demonstrated his entitlement to relief under Rule 60(b), the Motion for Reconsideration (Dkt. 17) is DENIED. No Certificate of Appealability shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully DIRECTED to mail a copy of this Order to Petitioner at the address specified in the Motion for Reconsideration.

SO ORDERED.

Dated: Brooklyn, New York
January 20, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge